**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERARUS LOWE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GARDENER, REICHMANN & CHOW, <br><br> Defendant | Case No.: 8:20-cv-2168 <br><br> **CLASS ACTION** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1. Plaintiff DERARUS LOWE ("Plaintiff") brings the instant class action claims against Defendant GARDENER, REICHMANN & CHOW ("Defendant") seeking redress for himself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)* the

1
**CLASS ACTION COMPLAINT**

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant conducts its debt collection business in flagrant violation of the FDCPA and RFDCPA by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA. This Court has supplemental jurisdiction over Plaintiff's state law claims as the claims arise under the same common nucleus of facts, Defendant's mass mailed collection notices.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

## PARTIES

4. Plaintiff is an adult individual residing in Artesia, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. 1788.2(h). The purported debt allegedly owed by Plaintiff is a "debt" and, in that the alleged debt that Defendant sought to collect was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5) and Cal. Civ. 1788.2(d).

5. Defendant is a law firm with its principal place of business located in Orange, California. The principal purpose of Defendant is the collection of debts in this state, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civ. 1788.2(c).

## STATEMENT OF FACTS

### A. The Account

6. At some point prior to September 2020, Plaintiff allegedly took out a retail consumer credit line from Enerbank USA. Plaintiff used the account to make routine household and consumer purchases for his home and family. As such, Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and Cal. Civ. 1788.2(d).

7. The account subsequently went into arrears.

8. Thereafter, Defendant obtained The Account from Enerbank USA and on or about September 23, 2020, sent Plaintiff a written collection correspondence in an attempt to collect on The Account.

### B. The Unlawful Collection Letter

9. On or about September 23, 2020, Defendant sent Plaintiff an initial collection letter. A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10. In pertinent part, a particular statement contained within the first full paragraph of the Letter set forth:

**Unless payment of the above is made directly to this office within thirty (30) days upon receipt of this letter**, it may be necessary for our firm to recommend that our client consider legal action to recover the monies owed.[1]

### C. The Letter Misleads Plaintiff and Similar Consumers and is Deceptive

11. Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

---

[1] Emphasis added by Plaintiff

12. In stating that Plaintiff must make a payment within thirty (30) days from receipt of the letter (the same exact amount of time a consumer is allotted to dispute or request validation of the debt under the FDCPA), Defendant falsely and deceptively advises a consumer that he or she must make the choice between making payment to avoid litigation, or exercising his or her §1692(g) rights to seek validation of the alleged debt.  This overshadows and contradicts the 30 day dispute notice as no such requirement is mandated upon consumers per §1692(g).

13.  Defendant's correspondence overshadows a consumer's right to dispute or seek validation by unlawfully demanding payment on or before the thirty (30) days after receipt provided by the FDCPA to trigger rights under §1692(g).

14. In fact, Defendant seeks to unlawfully create an incentive for a consumer to bypass the right to dispute the debt by making payment and avoiding Defendant "recommending" that the creditor initiate litigation against the consumer, at Defendant's recommendation as legal counsel.  Defendant's letter suggests to the least sophisticated consumer that disputing the debt within the thirty (30) day timeframe does not provide a consumer with the same benefit or incentive of simply making payment.

15. Such language lead Plaintiff as well would lead the least sophisticated consumer to believe that the most prudent choice is to make the payment on or before the thirty (30) day period, whether or not said consumer disputed the debt or wished to receive validation.  After all, to forego the payment deadline and instead dispute the debt would guarantee that Plaintiff's account would remain in collections and would likely be subject to litigation over the alleged debt, when Plaintiff could simply make a payment and ensure that Defendant was to cease its collection efforts – which is all any consumer wishes when interfacing with a collection law firm.

4
**CLASS ACTION COMPLAINT**

16. Further, what Defendant fails to advise Plaintiff and other consumers in this correspondence is that once a payment is made and Defendant returns the account to the creditor client, Defendant does not have an obligation to respond to a consumer's dispute and/or request for validation as Defendant is no longer collecting on the alleged debt – thus, the prohibitive bar on collecting the debt when failing to respond to a consumer's request for validation is of no consequence to Defendant as Defendant will no longer be collecting the debt. This is a fact that Defendant is unquestionably aware of when drafting and sending out these form correspondences.

17. The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the state.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

19. Plaintiffs seek to represent a class defined as:

> All consumers in the State of California who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

### D. Numerosity

20. The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in California. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

21. Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

22. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

23. Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**E.    Common Questions of Law and Fact**

24. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA and RFDCPA.

26. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a.   Did Defendant violate the FDCPA and RFDCPA by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor (i.e., validation of debt)?

**F.    Typicality**

27. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to him by Defendant.

### G. Protecting the Interests of the Class Members

28. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

29. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

30. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

### H. Proceeding Via Class Action is Superior and Advisable

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

32. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

7
**CLASS ACTION COMPLAINT**

36. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## I. Plaintiff and the Putative Class Have Article III Standing

37. As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

    b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

    c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

    d. Causing Plaintiff and the putative class to expend needless time in

receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame.

## COUNT I
## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B)

38. Each and every allegation contained in paragraphs 1 through 34 of this Complaint is repeated, realleged and incorporated herein by reference.

39. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(b) Disputed Debts

If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may

9
**CLASS ACTION COMPLAINT**

continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

40. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

41. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## COUNT I

## VIOLATIONS OF RFDCPA SECTION 15 U.S.C. § 1692G(B)

38. Each and every allegation contained in paragraphs 1 through 38 of this Complaint is repeated, realleged and incorporated herein by reference.

39. FDCPA, 15 U.S.C. § 1692e, provides in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, FDCPA, 15 U.S.C. § 1692e(10), provides that it is unlawful to engage in "[T]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

40. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:
 (a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication

> or the consumer has paid the debt, send the consumer a written notice containing—
>
> (b) Disputed Debts
>
> If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor.  Any collection activities and  communication  during  the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt   or request the name and address of the original creditor.

41. The Letter falsely and deceptively creates an unlawful conflict between a consumer's decision to make a payment towards the debt, to avoid threatened litigation, and exercising his or her rights to dispute or request validation of the debt.  The Letter similarly does not advise a consumer that should payment be made prior to the 30 day time limit to dispute the debt, that Defendant no longer has any obligation to respond to a dispute or request for

validation subsequent payment.  The letter therefore violates 15 U.S.C. § 169e and 1692e(10).

42. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

43. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## COUNT II

## VIOLATIONS OF RFDCPA SECTION CAL. CIV. 1788.17

44. Each and every allegation contained in paragraphs 1 through 44 of this Complaint is repeated, realleged and incorporated herein by reference.

45. Per §1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

46. As Defendant's conduct violates various provisions of the FDCPA, Defendant's conduct is in direct violation of the RFDCPA.

47. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

    a. That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

    b. For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c. For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *Cal. Civ. 1788.30*;

d. For reasonable attorneys' fees and costs of suit pursuant to both *15 U.S.C. § 1692k and Cal. Civ. 1788.30*;

e. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: November 10, 2020          **MARTIN & BONTRAGER, APC**

By:*/s/ G. Thomas Martin, III*
G. Thomas Martin, III
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**